**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4866**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

NATHANIEL JAMAL FARMER, a/k/a Gucci,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.    Joseph F. Anderson, Jr., District
Judge.    (3:12-cr-00513-JFA-11)

———————

Submitted:  November 17, 2014        Decided:  December 1, 2014

———————

Before SHEDD, AGEE, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael Chesser, Aiken, South Carolina, for Appellant.    John
David Rowell, Assistant United States Attorney, Columbia, South
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathaniel Farmer appeals the district court's criminal judgment sentencing him to 151 months' imprisonment pursuant to his guilty plea to one count of conspiracy to conduct a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(d) and 1963(a) (2012). Farmer's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred in finding that Farmer was a career offender. Although advised of his right to do so, Farmer did not file a supplemental brief. The Government did not file a response. We affirm.

Because Farmer did not object to his career offender status in the district court, we review this issue for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993). To be a career offender, (1) Farmer must have been at least eighteen years old at the time of the instant offense of conviction; (2) the instant offense must be a felony that is a crime of violence or a controlled substance offense, and (3) Farmer must have at least two prior felony convictions that are either crimes of violence or controlled substance offenses. U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1. Farmer contests element (3), claiming that his two prior felony convictions for possession of cocaine with the intent to

2

distribute cannot be considered "prior felony convictions" for career offender purposes because they were actually part of the instant offense.

Our review of the record reflects that Farmer was properly adjudged a career offender under the Guidelines. Where the crime charged is racketeering, the Guidelines provide that a "previously imposed sentence result[ing] from a conviction prior to the last overt act" of the conspiracy, which is also charged as "part of a pattern of racketeering activity," is to be treated as a prior sentence, not part of the instant offense. USSG § 2E1.1 cmt. n.4 (internal quotation marks omitted). We thus conclude that the district court did not plainly err in counting the disputed convictions and holding that Farmer was a career offender under the Guidelines. See United States v. Marrone, 48 F.3d 735, 740-41 (3d Cir. 1995).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This Court requires that counsel inform Farmer, in writing, of the right to petition the Supreme Court of the United States for further review. If Farmer requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

3

was served on Farmer.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED